IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**NORA HOUSTON**                                                                                       **PLAINTIFF**

**VS.**                                          **CAUSE NO.: 3:13-CV-773 DPJ-FKB**

**MISSISSIPPI DEPARTMENT OF HUMAN SERVICES**            **DEFENDANT**

---

**MOTION IN LIMINE OF PLAINTIFF NORA HOUSTON**

---

**COMES NOW** the Plaintiff, **NORA HOUSTON**, by and through counsel, and files this *Motion in Limine of Plaintiff Nora Houston* in the above-styled and numbered cause and moves *in limine* to exclude certain categories of evidence and/or comments of the Defendant, **MISSISSIPPI DEPARTMENT OF HUMAN SERVICES** and its counsel, during the trial of this case; and in support of the *Motion in Limine* would show unto the Court, the following, to-wit:

1.  In this case, Plaintiff, **NORA HOUSTON** ("Plaintiff Houston") has asserted a claims stemming from her employment with the Defendant, **MISSISSIPPI DEPARTMENT OF HUMAN SERVICES** ("Defendant MDHS" or at times referred to as "the Agency") for violation of *Title VII of the Civil Rights of 1964, as amended, ("Title VII"), 42 U.S.C.S. § 2000e-2(a); 42 U.S.C.S. § 2000e-3(a)* that prohibits an employer from subjecting an employee to hostile work environment discrimination and retaliation; and for violation of the *Family Medical*

*Leave Act of 1993, as amended ("FMLA"); 29 U.S.C.S. § 2615(a) (1)* that prohibits an employer from discriminating or retaliating against an employee for exercising his rights under the FMLA. *See: 29 U.S.C.S. § 2615(a) (2)*. See also: *McArdle v. Dell Prods. L.P., 293 Fed. Appx. 331 (5th Cir. 2008)*; and *Bocalbos v. National W. Life Ins. Co., 162 F.3d 379 (5th Cir. 1998); and see also: Lauderdale v. Tex. Dep't of Criminal Justice, Institutional Div. 512 F. 3d 157, 163 (5th Cir. 2007)* regarding hostile work environment claim.

2. Plaintiff Houston would show that the claims that are going forward to trial are as follows: (1) Title VII hostile work environment; (2) Title VII retaliation and (3) retaliation in violation of the FMLA. *See:* **Order** *of September 18, 2015.* [**Document No. 46**].

3. Plaintiff Houston anticipates that Defendant MDHS, will attempt to offer certain arguments and evidence that are inadmissible under the Federal Rules of Evidence and/or that Defendant's counsel will make reference to irrelevant subjects before the jury; and thus Plaintiff Houston is filing this **Motion in Limine of Plaintiff Nora Houston**.

4. Plaintiff Houston moves, *in limine*, before voir dire examination, opening statements and before the introduction of evidence, for an order *in limine* restricting all parties from making any mention, through interrogation, voir dire, opening statement, arguments or testimony, either directly or indirectly, any of the matters set forth below. In order to remove the likelihood of inadmissible or prejudicial evidence or statements in voir dire, opening statements, and testimony, the Court is requested to exclude these categories or evidence or comments in advance of trial.

## LEGAL STANDARD

5. The standard to be applied by the Court in considering a motion *in limine* is that such a motion should be granted when the evidence in question will be inadmissible at trial under

the rules of evidence and the mere offer, reference or statements during trial concerning the evidence will tend to prejudice the jury. *Dixon v. International Harvester Co., 754 F. 2d 573 (5th Cir. 1985).*

6. A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See *Luce v. United States, 469 U.S. 38, 40 n.2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984)*. "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997)*. A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. *Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).*

7. As espoused in *Otis v. Mosley, 2015 U.S. Dist. LEXIS 31221 (S.D. Miss. March 13, 2015)*, Motions *in limine* are made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds. *O'Rear v. Fruehauf Corp., 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation omitted).*

8. Motions *in limine* should not be used "to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify specific issues which are likely to arise at trial," but which are best addressed in the context of a *Motion in limine* due to the complex or potentially prejudicial nature of those issues. *Maggette v. BL*

*Dev. Corp.*, Nos. 2:07-cv-181-M-A, 2:07-cv-182-M-A, 2011 U.S. Dist. LEXIS 58077, 2011 WL 2134578, *4 (N.D. Miss. May 27, 2011).

9. Plaintiff Houston would show that the matters addressed herein are potentially prejudicial and should be addressed by this Court prior to the trial on the merits; and that this Court should address these matters set forth in this ***Motion in Limine of Plaintiff Nora Houston*** prior to trial.  Those matters that Plaintiff Houston to address, *in limine*, relate to the dismissal of the other claims by this Court, financial matters relating to the parties, the findings of the EEOC, pretrial and absent witness matters, prior lawsuits, claims of Plaintiff Houston and the prior bankruptcy of Plaintiff Houston.

## MOTION IN LIMINE NO. 1
## THE DECISION OF THE DISTRICT COURT ON PRIOR
## CLAIMS DISMISSED BY THIS COURT

10. Plaintiff Houston anticipates that the Defendants MDHS, will attempt to present evidence of the dismissal of prior claims brought by her and that were dismissed by this Court prior to the upcoming trial on merits.  *See:* ***Order*** *of September 18, 2015*.  [***Document No. 46***].

11. Accordingly, Defendant MDHS, should be precluded from offer any such evidence, directly or indirectly, as to the decision of the District Court regarding any prior claims dismissed by this Court in this action.  This presentment of this inadmissible evidence in this case would be prejudicial to the Plaintiff Houston at trial.

12. The Supreme Court held in *Alexander v. Gardner-Denver Co., 415 U.S. 36, 48 (1974),* that the legislative history "manifests a congressional intent" to allow grievants the opportunity to pursue independently their rights under both Title VII and other applicable statutes. *478 U.S. at 796 n.5.*

13. Moreover, the Supreme Court decision in *Chandler v. Roudebush, 425 U.S. 840 (1976)*, strongly supports Plaintiff Houston's contention that Congress intended one in her position to have a trial *de novo* on her Title VII claims; and the same would apply to her FMLA claim of retaliation.

14. Furthermore, any potential probative value of the dismissed claims would be outweighed by the prejudicial effect. *Cf. Helfrich v. Lehigh Valley Hosp., No. Civ.A. 03-CV-05793, 2005 U.S. Dist. LEXIS 14792, 2005 WL 1715689, at \*20 (E.D.Pa. July 21, 2005)*.

15. Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## **MOTION IN LIMINE NO. 2.**

### **FINANCIAL RELATED MATTERS AS TO THE PARTIES**

16. Defendant should be ordered and directed by this Court not to mention any applicable insurance coverage that may satisfy, either in whole or in part, any judgment rendered in this action.

17. Any reference to the fact that any recovery made by Plaintiff Houston may or may not be subject to federal income tax or any other form of taxation.

18. Any reference to the fact that any actual and/or compensatory damages awarded in this lawsuit to Plaintiff Houston will cause an increase by operation of law or will effect in any way the business operations of Defendant, Mississippi Department of Human Services or the benefits provided by the Agency.

19. Any reference to the time or circumstances upon which Plaintiff Houston employed an attorney or any matters regarding the financial arrangements between attorney and client in regard to the payment for any legal fees and/or expenses incurred in this litigation; or that the jury should consider attorney's fees as part of the damages of Plaintiff Houston ; or that the jury should be made aware of the source of any funds of Plaintiff Houston used for the payment of attorney's fees and/or expenses in regard to her claims before this Court.

20. Any reference to the effect or results of a claim, suit, or judgment upon the insurance rates, premiums, charges, or taxes either generally or as particularly applied to the party or employer in question, as a result of this litigation.

21. Any reference to or indication of any kind that Defendants will have to pay any judgment entered in this case or that any of the claims of the Plaintiff against Defendant or that any such claim may or may not be covered by insurance; or that benefits paid to recipients by the Agency will be impacted in any way in the event of a substantial verdict is rendered for the Plaintiff Houston in this action.

22. Whether the Plaintiff as a prevailing party is entitled to an award of attorney's fees or expenses following the jury's verdict in this action.  Title VII provides, in pertinent part, that "the court, in its discretion, may allow the prevailing party … a reasonable attorney's fee … as part of the costs". *42 U.S.C. § 2000e-5(k) (emphasis added). See also:  Migis v. Pearle Vison, 135 F. 3d 1041* (5th Cir. 1998).

## MOTION IN LIMINE NO. 3.

## THE EEOC AND EEOC DETERMINATION

23. In this Motion, Plaintiff seeks to exclude from trial evidence of the Equal Employment Opportunity Commission's (EEOC) determination of her claims. Plaintiff filed

charges of discrimination and retaliation under Title VII with the EEOC, complaining of acts of discrimination and retaliation by the Defendant MDHS.

24. The EEOC issued a Dismissal and Notice of Rights ("EEOC Determination") to Plaintiff Houston in regard to the charges filed with the EEOC in regard to her claims that are the subject of this pending action. The EEOC Determination in regard to the "Charges" of Plaintiff Houston provides, in relevant part, as follows:

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON**:

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

25. Plaintiff Houston contends that the EEOC determination is not relevant to her claims under Rule 401 of the Federal Rules of Evidence. The language in the "Right to Sue" is no more than a "no finding" and is a ***stock provision*** used all the time by the EEOC. Plaintiff also argues that even if the EEOC Determination has some relevance, it is unfairly prejudicial, would confuse the jury, and therefore should be excluded under Rule 403 of the Federal Rules of Evidence.

26. Relevant evidence is anything having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. For purposes of this *in limine* Motion, Plaintiff contends that the EEOC Determination is relevant. *See El v. SEPTA*, 479 F.3d 232, 248 n.19 (3d Cir. 2007) ("EEOC determinations are relevant substantive evidence in Title VII cases."). However, "[l]ike all relevant evidence, [it is] excludable under Federal Rule of

7

Evidence 403 if substantially more prejudicial than probative." *Id.* (citing Coleman v. Home Depot, Inc., 306 F.3d 1333, 1344-45 (3d Cir. 2002)).

27. Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

28. The Third Circuit has stated that "[t]he weight of the case law holds that Rule 403 may operate on an EEOC report, and that the decision of whether or not an EEOC Letter of Determination is more probative than prejudicial is within the discretion of the trial court, and to be determined on a case-by-case basis." *Coleman*, 306 F.3d at 1345. The assessment of probative value versus prejudicial effect under Rule 403"should take into consideration the proof value of the particular report as and when offered at trial." *Id.*

29. There is very little probative value in the EEOC determination. It represents mere *conclusory statements*, such as "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes."   See:  ***Exhibit "A"*** - ***Dismissal and Notice of Rights*** attached hereto and incorporated herein by reference.

30. Plaintiff Houston would show that the EEOC Determination contains no factual basis for arriving at this conclusion, and appears to be nothing more than an EEOC form with boilerplate language. *See: Coleman*, 306 F.3d at 1345 (observing the low proof value of an EEOC determination where it "was more conclusory than factual in nature"); *Haas v. Wild Acres Lakes Prop. & Homeowners Ass'n*, No. 13-898, 2014 U.S. Dist. LEXIS 32690, at *13-14 (M.D. Pa. Mar. 13, 2014) (excluding EEOC determination where the nature of the determination was conclusory). *Cf. Hodge v. Superior Court of the V.I.*, No. 07-87, 2009 U.S. Dist. LEXIS 95853,

at *7 (D.V.I. Oct. 14, 2009) (Sanchez, J.) (observing that the EEOC Determination "is no evidence at all," where it does not detail factual findings, and only contains conclusory statements purport to be a determination of the merits without any reference to specific evidence).

31. Moreover, the EEOC Determination appears to be nothing more than a non-decision. It simply advises that it is "unable to conclude" whether a violation occurred and "does not certify that the respondent is in compliance." This indecisive language has no probative value. *See Berry v. Georgetown Inn, Ltd.*, No. 08-205, 2010 U.S. Dist. LEXIS 14392, at *3-4 (W.D. Pa. Feb. 18, 2010) (excluding EEOC determination and noting that it represents a "non-decision" and is irrelevant).

32. In addition, the prejudicial effect of the EEOC Determination is high. The fact that it "originated from an authoritative government agency" has the potential to "confuse and mislead the jury." *See Martinelli v. Penn Millers Ins. Co.*, 269 F. App'x 226, 229 (3d Cir. 2008) (affirming district court's exclusion of EEOC determination after considering the prejudicial effect caused by juror confusion); *Berry*, 2010 U.S. Dist. LEXIS 14392, at *4 ("A jury could easily confuse the meaning of the document as suggestive of the jury's ultimate legal question."). Permitting Defendants to admit the EEOC Determination also risks prejudice because it requires the needless presentation of cumulative evidence. *Id.*; *Haas*, 2014 U.S. Dist. LEXIS 32690, at *14.

33. The jurors will be more than capable of weighing the evidence and testimony presented, and arriving at a conclusion as to the merits of Plaintiff's claims. The EEOC Determination does not assist them in this endeavor. *Burlington v. News Corp., 2015 U.S. Dist. LEXIS 68792 (E.D. Pa. May 27, 2015).*

## MOTION IN LIMINE NO. 4.

### PRE-TRIAL MATTERS AND ABSENT WITNESSES

34.     Any reference to the fact that Plaintiff Houston objected to interrogatories, document requests, or asserted claims of privilege during the pretrial phase of this case.

35.     Any speculation or argument regarding the substance of the testimony of any witness who is absent, unavailable, or was not called by Plaintiff Houston, any reference to the fact that Plaintiff Houston failed to call any witness available to all parties.

## MOTION IN LIMINE NO. 5

### PRIOR LAWSUITS, PRIOR CLAIMS; AND BANKRUPTCY OF

### PLAINTIFF HOUSTON

36.     Any reference to the fact that Plaintiff Houston filed any prior claims or lawsuits of any nature not related to the pending matter in this action against Defendant, Mississippi Department of Human Services.

37.     Any reference to the fact that Plaintiff Houston previously filed bankruptcy or any matters relating to that bankruptcy.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Houston would respectfully move in limine for an order restricting Defendants MDHS and its counsel from making any mention, through testimony, voir dire, opening statement, arguments, or comments of counsel regarding any matters set forth above.

**FURTHERMORE**, Plaintiff Houston prays that in order to remove the likelihood of inadmissible evidence and/or prejudicial evidence or statements in the presence of the jury, this Court should exclude the above categories of evidence in advance of trial.

Plaintiff Houston prays for any such other and further relief for which she may be entitled in the premises.

**RESPECTFULLY SUBMITTED**, this the 16th day of November, 2015.

          **NORA HOUSTON, PLAINTIFF**

        **BY:** **/s/ John M. Mooney, Jr.**
           **JOHN M. MOONEY, JR.**

**JOHN M. MOONEY, JR.**
**LAW OFFICES OF JOHN M. MOONEY, JR., PLLC**
208Waterford Square, Suite 100
Madison, Mississippi 39110
Telephone:  (601) 981-9555
Facsimile:  (601) 981-7922
MBN: 3431

**ATTORNEY FOR PLAINTIFF, NORA HOUSTON**

### CERTIFICATE OF SERVICE

I, John M. Mooney, Jr., do hereby certify that I have this day electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to:

    Peter W. Cleveland
    Office of the Attorney General
    Civil Litigation Division
    Post Office Box 220
    Jackson, Mississippi 39205-0220
    Email: pcle@ago.state.ms.us

**SO CERTIFIED,** this the 16th day of November, 2015.

          **/s/ John M. Mooney, Jr.**
          **JOHN M. MOONEY, JR.**