IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

NORA HOUSTON                                                                    PLAINTIFF

VS.                                                  CIVIL ACTION NO: 3:13-CV-773-DPJ-FKB

MISSISSIPPI DEPARTMENT OF
HUMAN SERVICES                                                                  DEFENDANT

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE**

**COMES NOW** Mississippi Department of Human Services, the Defendant in the above styled and numbered cause, by and through counsel, and in Response to Plaintiff's Motion in Limine would respectfully show unto the Court as follows:

**I.   Introduction**

The Fifth Circuit has long held that "the trial court's discretion to admit or exclude evidence is generally broad, but competent evidence cannot be excluded without a sound and acceptable reason." *Davidson Oil Country Supply Co. v. Klockner, Inc.*, 908 F.2d 1238, 1245 (5th Cir. 1990); *see also Folks v. Kirby Forest Ind. Inc.*, 10 F.3d 1173, 1181 (5th Cir. 1994). Evidence should not be excluded *in limine* unless it is clearly inadmissible on all potential grounds. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

Additionally, the Fifth Circuit has observed that "[m]otions *in limine* are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980). Therefore, the Fifth Circuit agrees with other circuits that most evidentiary rulings should be deferred until trial when they

can be considered in context. *See Kelly v. Boeing Petroleum Servs.*, 61 F.3d 350, 357 (5th Cir. 1995) (citations omitted).

Plaintiff has raised several evidentiary issues in her Motion in Limine, arguing primarily that the evidence is not relevant or should be excluded under Rule 403. However, the Rule 401 standard for relevance is, "extremely liberal…. [e]ven if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has even the slightest probative worth. *Douglas v. Eaton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992) (emphasis added); *EEOC v. Manville Sales Corp.*, 27 F.3d 1089, 1093 (5th Cir. 1994) ("the standard for relevance is a liberal one."). Furthermore, Plaintiff's conclusory statements that these various categories of evidence should be excluded under Rule 403 are made without sufficient factual or legal basis.

## No. 1 – Dismissed Claims

Plaintiff contends that evidence of her claims that were dismissed by the Court should be excluded under Rule 403, but fails to demonstrate how it is prejudicial or how any asserted prejudice would outweigh its probative value. Plaintiff offers nothing but her contention that Rule 403 excludes this evidence which is insufficient. *See LeFarge v. Kyker,* 2011 WL 1742002 at *2 (N.D. Miss. 2011) (motion in limine denied where defendants only state that the probative value is outweighed by the danger of confusion of the issues, unfair prejudice, and misleading the jury

## No. 2 – Financial Related Matters

Plaintiff seeks to exclude any evidence regarding insurance coverage, possible tax consequences of an award, adverse impact of an award on Defendant, Plaintiff's attorney's fees,

and the effect an award has on taxes. She fails to make any showing of alleged unfair prejudice regarding the introduction of these matters.

**No. 3 – The EEOC Determination**

Plaintiff seeks to exclude the EEOC determination under Rule 403. She has wholly failed to demonstrate how this evidence is unfairly prejudicial or how it would confuse the jury. The admissibility of the EEOC determinations was discussed in *McClure v. Mexia Independent School District*, 750 F.2d 396, 400 (5th Cir. 1985) which stated "under precedents of this circuit, EEOC determinations and findings of fact, although not binding on the trier of fact, are admissible as evidence in civil proceedings as probative of a claim of employment discrimination at issue in civil proceedings." As noted in *Richardson v. Miss. Dept. of Human Serv.*, 2012 WL 568285, *5, n.5 (S.D. Miss. 2012), such determination letters can have probative value, but are not dispositive. *See also Phillips v. Nissan North America, Inc.*, 2012 WL 2254274, at *1 n.2 (S.D. Miss. 2012). Of course, to avoid any chance of unfair prejudice or jury confusion, a curative instruction could be given.

**No. 4 – Pre-Trial Matters and Absent Witnesses**

Plaintiff seeks to exclude pre-trial matters and reference to the failure to call a witness available to both parties. Although Plaintiff makes no showing of any alleged unfair prejudice regarding the introduction of these matters, Defendant does not intend to offer any evidence regarding them.

**No. 5 – Prior Lawsuits, Prior Claims, and Prior Bankruptcy**

Plaintiff seeks to exclude any evidence regarding her prior lawsuits, prior claims, and her prior bankruptcy. She fails to make any showing of alleged unfair prejudice regarding the introduction of these matters.

**WHEREFORE, PREMISES CONSIDERED,** the Defendant respectfully requests that Plaintiff's Motion in Limine be denied.

**RESPECTFULLY SUBMITTED,** this the 25th day of November, 2015

        **MISSISSIPPI DEPARTMENT OF HUMAN SERVICES, Defendant**

  **BY:**  **JIM HOOD, ATTORNEY GENERAL STATE OF MISSISSIPPI**

  **BY:**  */s/ Peter W. Cleveland*
        PETER W. CLEVELAND, MSB NO. 6301
        SPECIAL ASSISTANT ATTORNEY GENERAL

OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-3822
Facsimile: (601) 359-2003
pclev@ago.state.ms.us

# CERTIFICATE OF SERVICE

I, Peter W. Cleveland, Special Assistant Attorney General for the State of Mississippi, do hereby certify that on this date I caused to be electronically filed the foregoing ***Defendant's Response to Plaintiff's Motion in Limine*** with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

> John M. Mooney, Jr.
> LAW OFFICES OF JOHN M. MOONEY, JR., PLLC
> 208 Waterford Square, Ste. 100
> Madison, MS 39110
> john@jmooneylaw.com

**THIS**, the 25th day of November, 2015.

> */s/ Peter W. Cleveland*
> PETER W. CLEVELAND