UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

NORA HOUSTON                                                                                          PLAINTIFF

v.                                                                        CIVIL ACTION NO. 3:13cv773-DPJ-FKB

MISSISSIPPI DEPARTMENT OF HUMAN SERVICES                              DEFENDANT

ORDER

This employment dispute is before the Court on the Motion in Limine [47] filed by Plaintiff Nora Houston.  Having fulling considered the premises, and having discussed the motions with the parties during the pretrial conference (PTC), the Court finds as follows:

I.      Standard

As summarized by the Fifth Circuit Court of Appeals:

A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation and internal quotation marks omitted).  As with all *in limine* orders, the non-prevailing party may revisit the issue at trial, but it must do so outside the jury's presence.  *See Jackson-Hall v. Moss Point Sch. Dist.*, No. 3:11–cv–42–DPJ–FKB, 2012 WL 1098524, at *4 (S.D. Miss. Apr. 2, 2012).

II.     Analysis

Houston seeks to prevent the admission of evidence, or any reference to, five categories of evidence.  They will be taken in turn.

        A.      Dismissed Claims

In a prior order, this Court dismissed several of Houston's claims.  She now seeks to exclude any reference to the Court's ruling on those claims.  During the PTC, Defendant stated

that the request was too broad but acknowledged that it did not presently know how the Court's rulings might become relevant.

Informing the jury regarding dismissal of other claims has no apparent relevance in this case, and it would otherwise lead to unfair prejudice and confusion of the issues.  *See* Fed. R. Evid. 401, 402, 403; *see also Johnson v. Watkins*, No. 3:07CV621 DPJ–JCS, 2010 WL 2671993, at *5 (S.D. Miss. June 30, 2010) (holding that dismissed claims are not properly before the jury).  The motion is granted.

    B.    Financial-Related Matters

Plaintiff seeks to exclude evidence or argument related to applicable insurance coverage; whether any recovery would be taxable; the effect of a plaintiff's verdict on Defendant's operations; when Plaintiff retained counsel and her financial arrangement with counsel; the source of funds Plaintiff has used for payment of fees and expenses; the effect of a plaintiff's verdict on Defendant's insurance rates, premiums, charges, taxes, or operations; and whether Plaintiff would be entitled to attorney's fees or expenses.  Defendant essentially conceded the motion during the PTC.  The motion is granted.

    C.    EEOC Determination

Houston filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and thereafter received a form Dismissal and Notice of Rights.  That document checked the box that states:  "[T]he EEOC is unable to conclude that the information obtained establishes violation of statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge."  Pl.'s Mot. [47], Ex. 1.  Houston seeks to exclude this document.

Defendant opposes the motion and notes cases holding that certain EEOC determinations are probative and can be admissible. *See, e.g.*, *McClure v. Mexia Indep. Sch. Dist.*, 750 F.2d 396, 400 (5th Cir. 1985) (holding that "under precedents of this circuit, EEOC determinations and findings of fact, although not binding on the trier of fact, are admissible as evidence in civil proceedings as probative of a claim of employment discrimination at issue in civil proceedings").

*McClure* and other similar cases involved actual EEOC findings. In the present case, the EEOC merely checked a box indicating that it was "unable to conclude" that a violation occurred, but that it was not "certify[ing] that the respondent is in compliance with the statutes." Pl.'s Mot. [47], Ex. 1. This bare conclusion offers little probative value, and any probative value that might exist would be substantially outweighed by the risk of unfair prejudice, confusion, and delay. *See* Fed. R. Evid. 403; *see also Smith v. Tower Auto. Operations, USA, 1, LLC*, No. 3:13–CV–00967–CWR–FKB, 2014 WL 1404734, at *1–2 (S.D. Miss. Apr. 10, 2014) (excluding similar EEOC notice) (citing *Cortes v. Maxus Exploration Co.*, 977 F.2d 195, 202 (5th Cir. 1992) (finding no abuse in excluding EEOC determination containing some factual findings)). The motion is granted.

      D.     Pre-Trial Matters and Absent Witnesses

Houston seeks to exclude pre-trial matters and reference to the failure to call a witness available to both parties. The request is denied as overly broad with respect to pre-trial matters. Regarding missing witnesses, "this circuit has long recognized that a party's failure to call available witnesses or produce evidence that would clarify or explain disputed factual issues can give rise to a presumption that the evidence, if produced, would be unfavorable to that party." *United States v. Wilson* 322 F.3d 353, 363 (5th Cir. 2003) (citations omitted). "The Court can

only draw a negative inference when the missing witness has information peculiarly within his knowledge . . . ." *Id.* "There is, however, an important exception to the applicability of the presumption: if the witness is 'equally available' to both parties, any negative inference from one party's failure to call that witness is impermissible." *Id.* at 364 n.14 (quoting *McClanahan v. United States*, 230 F.2d 919, 925 (5th Cir. 1956)).  Thus, there are times when a jury may properly consider the absence of a witness.  The motion is denied.

      E.      Prior Lawsuits, Prior Claims, and Prior Bankruptcy

Plaintiff clarified in her reply that she seeks to exclude evidence pertaining to a car-wreck-related lawsuit in the mid-1990s and a bankruptcy that occurred in 2002.  With this additional information, Defendant conceded the point during the PTC.  The motion is granted.

III.     Conclusion

Based on the foregoing, the Court finds that Plaintiff's Motion in Limine [47] should be granted in part and denied in part.

**SO ORDERED AND ADJUDGED** this the 2nd day of December, 2015.

                                           *s/ Daniel P. Jordan III*
                                           UNITED STATES DISTRICT JUDGE